UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Armani Cummings

    v.                                        Case No. 21-cv-876-LM

Robert Hazlewood, Warden, Federal
Correctional Institution, Berlin

**REPORT AND RECOMMENDATION**

Armani Cummings, an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a petition for a writ of habeas corpus (Doc. No. 1) under 28 U.S.C. § 2241, seeking to have a disciplinary violation expunged from his record, and to have the good conduct time he lost as a sanction for that disciplinary violation restored. The matter is here for preliminary review to determine whether Mr. Cummings has asserted facially valid claims of a violation of his federal rights. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to petitions filed under § 2241); LR 4.3(d)(4).

**Preliminary Review Standard**

Pursuant to § 2254 Rule 4, a judge is required to examine a petition for habeas relief and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss the petition." Id. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The court construes [petitioner]'s pleadings liberally, considering his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

On December 3, 2020, Mr. Cummings was incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI Loretto"), where he shared a cell with Reynaldo Colon. On that date, a case manager in an office near their cell asked FCI Loretto Case Manager H. Gottshall, who was walking by, to check on commotion she could hear coming from Mr. Cummings's and Mr. Colon's cell. Mr. Gottshall prepared a disciplinary report, stating that he looked into the cell and could see Mr. Cummings on top of Mr. Colon and saw Mr. Cummings's "arms wrapped around [Mr. Colon's] neck in a choke hold." Jan. 12, 2021 Discipline Hr'g Officer Report ("DHO Report") (Doc. No. 1-1, at 2). After Mr. Gottshall opened the cell door, Mr. Cummings released Mr. Colon, and Mr. Gottshall brought them both to the Special Housing Unit. Both inmates underwent a clinical examination which disclosed no apparent injuries.

Mr. Gottshall prepared a disciplinary report on the date of the incident, charging Mr. Cummings with violating Federal Bureau of Prisons ("BOP") Code 224, "Assaulting Another Person without Serious Injury."  See DHO Report (Doc. No. 1-1, at 1).  The next day, December 4, 2020, Mr. Colon signed a witness statement stating that he had not been the victim of an assault, and that he did not know what Mr. Gottshall had seen, but what really happened is that he had fallen over while leaning back in a chair, and that Mr. Cummings was helping him up by lifting him up from under his armpits.  See Dec. 4, 2020 Reynaldo Colon Statement (Doc. No. 1-1, at 5-6).

The December 3, 2020 incident was referred for an investigation.  Mr. Cummings has asserted that the Special Investigative Supervisor concluded that he was "innocent of the charged incident."  See Dec. 29, 2020 Inmate Req. to Warden (Doc. No. 1-1, at 8).

The disciplinary charge proceeded to a hearing before a disciplinary hearing officer ("DHO").  See Dec. 29, 2020 Resp. (Doc. No. 1-1, at 7).  Mr. Cummings declined staff representation at the hearing.  See DHO Report (Doc. No. 1-1, at 1).

At the January 5, 2021 hearing, Mr. Cummings testified that he was helping Mr. Colon up from a fall, with his arms underneath Mr. Colon's underarms, when Mr. Gottshall entered the cell.  Mr. Cummings called Mr. Colon as a witness, who disputed Mr.

3

Gottshall's statement that he saw Mr. Cummings's arms around his neck, and whose testimony was essentially consistent with and generally corroborated Mr. Cummings's testimony about Mr. Cummings helping him up from a fall, and about the consensual nature of the incident.

Crediting the charging officer's incident report as true; assigning little weight to the inmates' testimony, who he concluded had a motive to lie; and considering the absence of any injuries to either inmate, the DHO found that Mr. Cummings was guilty of the charged disciplinary violation. DHO Report (Doc. No. 1-1, at 2). The DHO Report explains that the charging staff member had "no obvious reason to fabricate a statement" about seeing a chokehold where none existed, while both of the inmates had a "reason to lie" about what happened to avoid the imposition of sanctions on Mr. Cummings. DHO Report (Doc. No. 1-1, at 2). The DHO imposed a sanction on Mr. Cummings of a 27-day loss of good conduct time; a 90-day loss of visiting privileges; as well as 14 days of disciplinary segregation, suspended for 180 days. DHO Report (Doc. No. 1-1, at 3).

Mr. Cummings appealed the January 2021 decision of the DHO. His administrative appeals were denied at each level. See, e.g., Aug. 19, 2021 Central Office Resp., Admin. Remedy No. 1069500-A1 (Doc. No. 1-1, at 11); Mar. 30, 2021 Reg'l Office Resp., Admin. Remedy No. 1069500-R1 (Doc. No. 1-1, at 9). In his § 2241

4

petition, Mr. Cummings has maintained, as he did in his administrative appeals, that there was insufficient evidence to support the finding that he had assaulted Mr. Colon, as his contacts with Mr. Colon were consensual, did not involve contact with Mr. Colon's neck, and were not otherwise consistent with an assault.  See Doc. No. 1, at 2-5.

## Discussion

I.   Due Process and Disciplinary Proceedings

The minimum procedural due process requirements for prison disciplinary hearings affecting good time credits are: written notice of the charge, the ability to call witnesses and present documentary evidence (when doing so is consistent with institutional safety and correctional concerns), a hearing before an impartial decisionmaker, and a written statement of the evidence relied on and reasons for the DHO's decision.  See Surprenant v. Rivas, 424 F.3d 5, 16 (1st Cir. 2005); see also Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974).

Due process further requires that the DHO's decision be supported by "some evidence" in the record.  Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment

of the credibility of witnesses, or weighing of the evidence." Id.

II.  Some Evidence

The eyewitness statement of the charging officer, recorded in an incident report, may suffice as "some evidence" upon which a decisionmaker could base a finding of a prison disciplinary violation, even if the incident report is disputed by the inmate.  See Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008); see also Anderson v. Coleman, 649 F. App'x 730, 731 (11th Cir. 2016); McCarthy v. Warden Lewisburg USP, 631 F. App'x 84, 86 (3d Cir. 2015); Ruelas v. Zuercher, 240 F. App'x 796, 797 (10th Cir. 2007); Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001); McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999); Burman v. Warden, FCI Berlin, No. 20-cv-982-JD, 2021 DNH 110, 2021 U.S. Dist. LEXIS 130978 *11-*12, 2021 WL 2953183, at *4 (D.N.H. July 14, 2021).

Here, Mr. Cummings was charged with a BOP Code 224 assault.[1]  In finding Mr. Cummings guilty of that disciplinary offense, the DHO relied on Mr. Gottshall's incident report.  Although Mr.

---

[1] BOP regulations provide that a Code 224 assault charge is "used when less serious physical injury or contact has been attempted or accomplished by an inmate." 28 C.F.R. § 541.3, Table 1, Code 224.

6

Colon and Mr. Cummings disputed Mr. Gottshall's account and maintained that Mr. Gottshall's view was obstructed, the DHO reasonably exercised his discretion in assigning little weight to their testimony. The DHO reasonably concluded that the inmates had a motive to lie about what had happened to protect Mr. Cummings from disciplinary consequences, while crediting the FCI Loretto staff member, who the DHO reasonably found had no apparent reason to fabricate what he had seen. It is within the discretion of a DHO to make such credibility determinations and to assign controlling weight to the charging staff member's recorded statement, even if it is completely disputed by the inmate. See Ferreira v. Dubois, 963 F. Supp. 1244, 1254 (D. Mass. 1996); see also Hartsfield, 511 F.3d at 831.

> The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing.

Hill, 472 U.S. at 457. Mr. Gottshall's statement, that in response to another staff member's complaint about "commotion," he saw Mr. Cummings's arms around Mr. Colon's neck in a "choke hold," reasonably credited as true by the DHO, also gives rise to a further reasonable inference that the contact was non-consensual, even if no injuries resulted. Accordingly, the DHO's finding that Mr. Cummings committed the charged

7

disciplinary violation -- an assault that resulted in no serious injuries -- is supported by "some evidence," thus satisfying that requirement of the Due Process Clause.

III. Remaining Due Process Requirements

Mr. Cummings does not dispute that he received prior notice of his rights to present evidence, to call witnesses, and to have a staff representative assist him at that hearing. He testified, presented evidence, and called another inmate to testify, and he received the DHO Report afterwards, which details the DHO's reasoning. See DHO Report (Doc. No. 1-1, at 1-3). Mr. Cummings was able to appeal the DHO's decision through several tiers of BOP administrative review. There is no claim of bias in the petition, and no evidence of bias in the proceedings. Cf. Perotti v. Marberry, 355 F. App'x 39, 43 (7th Cir. 2009) ("an adjudicator is entitled to a presumption of 'honesty and integrity' absent clear evidence to the contrary" (citing Withrow v. Larkin, 421 U.S. 35, 47 (1975))).

Upon review of the § 2241 petition and the materials from the BOP record that Mr. Cummings has attached to the petition as exhibits, it is apparent that Mr. Cummings is not entitled to any relief on his due process claims. The § 2241 petition is properly denied at this stage of the case. See 28 U.S.C. § 2243; § 2254 Rule 4; LR 4.3(d)(4).

8

## Conclusion

For the foregoing reasons, the district judge should deny the § 2241 petition, direct that this case be closed, and direct that judgment be entered. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 22, 2021

cc: Armani Cummings, pro se